## Case No. 9,003.

### In re MANAHAN.

[19 N. B. R. 65.] [1]

District Court, S. D. New York.    July 3, 1878.

BANKRUPTCY — ASSIGNMENT — PROCEEDINGS IN STATE COURT — WARRANT OF POSSESSION TO MARSHAL—MOTION TO VACATE WARRANT.

Prior to the commencement of the proceedings in bankruptcy, the bankrupt made a voluntary assignment for creditors to one R., who thereupon took possession, but failed to give the bond required by the statute. By virtue of a provisional warrant granted in the bankruptcy proceedings, the marshal took possession of the property which had been transferred to R. by the voluntary assignment. Upon proper proceedings subsequently had in the state court, R. was removed, and a new trustee appointed. On motion by the trustee to vacate the warrant, and for an order directing the marshal to deliver the property to him, held, that the provisional warrant did not authorize the marshal to take possession of the property the title to which had passed by the state assignment to the voluntary assignee; that pending the question of adjudication and the appointment of an assignee, the court should not allow its process to interfere with the possession by the state assignee of the property; but since the trustee appeals to the bankrupt court for aid, reasonable conditions on granting the relief may be imposed, such as that he shall release the marshal from all damages for taking and keeping the property, pay his fees, and receive said property subject to the condition that he shall not dispose of any part thereof until a reasonable time after the appointment of an assignee, or the termination of the proceedings, except with the approval of the bankrupt court.

[In the matter of Thomas Manahan, a bankrupt.]

G. W. Lockwood, for motion.
P. W. Ostrander, contra.

CHOATE, District Judge. On April 17, 1878, these proceedings were commenced by creditors' petition, and on the 2nd of May, on proof by affidavit that the debtor was endeavoring to conceal his property, a provisional warrant issued. March 14, 1878, the debtor made a voluntary assignment under the state law for the benefit of his creditors to one Robertson, who failed to give the bonds required by the statute of New York. On the 20th of June, upon proper proceedings in the state court, Robertson was removed, and a new trustee was appointed in his place. The trustee moves this court to vacate the provisional warrant and for an order directing the marshal to deliver to him all the property transferred under the voluntary assignment, which it is alleged the marshal has taken possession of under the provisional warrant. There has been no adjudication, the allegations of the petitioning creditors having been put in issue, and the matter is now on trial upon a reference to the clerk. The provisional warrant did not authorize the marshal to take possession of property the title to which passed by the state assignment to the voluntary assignee. Although the petitioning creditors insist that the voluntary assignment gave the assignee no right to hold the property because of the failure to give bond, yet it now appears by their own affidavit that prior to the commencement of these proceedings the state assignee had actually taken possession of the property. The proper course to dispute his title, or that of the trustee appointed in his place, is by a suit in equity to set aside the assignment.

Pending the question of the adjudication and the appointment of an assignee in bankruptcy, who may bring such suit, this court should not allow its process to interfere with the possession by the state assignee of the property, which at least is in his possession under claim of title. But since the trustee appeals to this court for aid, reasonable conditions may be imposed on granting the relief prayed for.

The marshal appears to have acted in good faith. He should not therefore be subjected to damages for taking and keeping the property. And until an assignee is able to bring suit to recover the property, no disposition should be made thereof which will prevent its ultimate distribution under the bankrupt law [of 1867 (14 Stat. 517)], subject, of course, to the lawful charges of the state assignee if the state assignment shall be set aside. Let an order be entered directing the marshal to deliver the property to the trustee upon payment of his proper fees, provided the said trustee shall release the marshal for all damages for taking and keeping the property, and shall receive the said property subject to the condition that no disposition thereof or of any part thereof shall be made until five days after the appointment of an assignee in bankruptcy, or the termination of these proceedings, except with the approval of this court, and in that case let the warrant be vacated. Otherwise, motion denied.

---

[1] [Reprinted by permission.]